UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22615-CIV-WILLIAMS

MALAUBE, LLC, d/b/a SPRIS
ARTISAN PIZZA, a Florida Limited
Liability Company,

    Plaintiff,

vs.

GREENWICH INSURANCE
COMPANY, a Delaware Corporation,

    Defendant.

## AMENDED COMPLAINT

COMES NOW, Plaintiff, Malaube, LLC d/b/a Spris Artisan Pizza ("Spris") and brings this Amended Complaint against Defendant, Greenwich Insurance Company ("Greenwich"), and alleges as follows:

1. This is a cause of action for Declaratory Judgment pursuant to F.S. § 86, *et seq.* to construe and declare the rights, obligations, statues, and privileges of the parties as the named insured and insurer under a commercial lines insurance policy, and for breach of contract.

2. Spris is a Florida Limited Liability Company, with its sole member being a resident of Florida.

3. Greenwich is foreign for-profit Delaware corporation with its principal place of business in Connecticut. Greenwich is authorized to and doing business in Miami-Dade County, Florida, by issuing insurance policies to its insured, including the issuance of policy number

PHK-0950951-02 to Spris for the period of September 25, 2019 through September 25, 2020.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332(a). Plaintiff is a Florida Limited Liability Company with its sole member being a Florida resident. Defendant is a Delaware corporation with its principal place of business in Connecticut. The amount in controversy, exclusive of interest and cost, exceeds $75,000.00.

5. Venue is appropriate in this Judicial District, pursuant to 28 U.S.C. § 1391, because the Defendant is subject to personal jurisdiction in this District, because the acts complained of by the Plaintiff giving rise to its claims occurred in this District, and because the property at issue is located in this District.

6. All conditions precedent to the institution of this action have been met through performance, waiver or otherwise.

## FACTUAL BACKGROUND

7. On or about September 25, 2019, Greenwich entered into a contract of insurance with Spris, whereby Spris agreed to make payments to Greenwich in exchange for Greenwich's promise to indemnify Spris for losses including, but not limited, business income losses at Spris' restaurant, Spris Artisan Restaurant ("Restaurant").

8. The Restaurant serves italian cuisine to the citizens of Miami-Dade County, Florida and its hours of operation are Monday through Thursday 11:00 a.m. to 10:00 pm and Friday and Saturday 11:00 a.m. to 11:00 p.m. The Restaurant is located at 5748 Sunset Drive, Miami, FL 33143. This address is listed as an insured property under the Policy (defined below).

9. The Restaurant is covered under a policy issued by Greenwich with policy number PHK-0950951-02 (hereinafter "Policy"), a copy of which is attached hereto as **Exhibit "A".**

10. The Policy is currently in full effect, providing business income (and extra expense), and business personal property, and additional coverages between the period of September 25, 2019 through September 25, 2020.

11. Spris faithfully paid policy premiums to Greenwich, specifically to provide additional coverages to ensure some protections in such a case as its business was interrupted.

12. Under the Policy, insurance is extended to apply to the actual loss of business income sustained due to the necessary suspension of operations.

13. On March 17, 2020, Miami-Dade Mayor, Carlos Gimenez, signed an order to close all restaurants for dining in and only permitting takeout and delivery.

14. On March 20, 2020, the Florida Governor, Ron DeSantis, issued an executive order closing all onsite dining at restaurants (the March 17 and March 20 orders are collectively referred to as the "Government Shutdowns")

15. The Government Shutdowns by the local and state government resulted in significant business losses for Spris.

16. The Policy provides coverage to Spris for this situation under the Additional Coverages section of the Policy titled "Civil Authority".

17. The Policy further states that Greenwich will pay for the actual loss of business income Spris sustains and the Extra Expense caused by action of civil authority that prohibits access to the described premises.

18. The Government Shutdowns that interfered with Spris' access to its business came as a result of the COVID-19 pandemic.

19.     The reason for the Government Shutdowns was the public reaction, by individuals, institutions and governments, to address the public health crisis caused by the COVID-19 pandemic.

20.     The Government Shutdowns caused Spris to sustain significant losses and came as a direct result of the Government Shutdowns.

21.     Greenwhich's decision to deny Spris coverage may force Spris out of business. This coverage is essential to Spris' business survival.

22.     A declaratory judgment determining that the coverage provided under the Policy will prevent Spris from being left without vital coverage acquired to ensure the survival of its business in circumstances as set forth hereinabove. As a result of the Government Shutdowns, and Greenwhich's decision to deny Spris coverage under the Policy, Spris has incurred, and will continue to incur, substantial loss of business income and additional expenses covered under the Policy.

## COUNT I – DECLARATORY RELIEF

23.     Spris re-alleges and incorporates by reference into this cause of action each and every allegation set forth in paragraphs 1-22 of this Complaint.

24.     Spris has a bona fide, actual and present need for a declaration and construction of the Policy of insurance, its status, rights, and privileges, and Greenwich's obligation to provide coverage to Spris under the Policy, including the applicable coverage triggered under the Policy.

25.     A bona fide, actual, and present dispute exists as to Spris' rights and Greenwich's obligations under the policy and this suit is not just a request for legal advice.

26.     Spris has become obligated to retain counsel to represent it in this dispute and

Greenwich is required to pay Spris reasonable attorney's fees pursuant to F.S. § 627.428.

**WHEREFORE**, Spris requests that the Court declare and construe the Policy of insurance and enter its declaratory judgment as follows:

a. declare that the Policy issued by Greenwich to Spris provides coverage for the losses stemming from the Governmental Shutdowns of business operations for business income, extra expense, and all other coverage extension up to the limited of the Policy;

b. grant further relief based on the declaratory judgment and after adjudication of the rights of the parties, when necessary and proper, and, after notice to Greenwich, require Greenwich to show cause why further relief should not be granted;

c. enter final declaratory judgment in Spris' favor and against Greenwich for all declaratory and supplemental relief within the declaratory jurisdiction of this court, including taxing costs of suit, prejudgment interest, and reasonable attorney's fees and costs as part of the declaratory judgment.

d. enter an award of attorney's fees and costs in Spris' favor and against Greenwich.

## COUNT II – BREACH OF CONTRACT

27. Spris re-alleges and incorporates by reference into this cause of action each and every allegation set forth in paragraphs 1-22 of this Complaint.

28. Spris' Policy is an insurance contract under which Greenwhich was paid premiums in exchange for promises to pay Spris' losses for claims covered by the Policy.

29. In the Policy, Greenwhich promised to pay for losses of business income (and other expenses) sustained as a result of perils not excluded under the Policy. Specifically,

Greenwich promised to pay for losses of business income sustained as a result of a suspension of business operations during the Period of Restoration.

30. The public reaction, by individuals, institutions and governments, to address the public health crisis caused by the COVID-19 pandemic, such as the Government Shutdowns, caused direct physical loss at the Restaurant.

31. These suspensions and losses triggered business income (and other) coverage under the Policy.

32. Spris has complied with all applicable provisions of the Policy, including payment of policy premiums.

33. Greenwich, without justification, has refused performance under the Policy by denying coverage for these losses and expenses. Accordingly, Greenwich is in breach of the Policy.

34. As a result of Greenwich's breach of the Policy, Spris has suffered actual and substantial damages for which Greenwich is liable.

**WHEREFORE**, Spris seeks compensatory damages resulting from Greenwich's breach of the Policy, attorneys' fees and costs, including under F.S. § 627.428, and such other and additional relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

HERSKOWITZ SHAPIRO
Two Datran Center
9130 S. Dadeland Blvd., Suite 1609
Miami, FL 33156
t: (305) 423-1986; f: (305) 670-3884

By:    */s/ Lyle E. Shapiro*
       LYLE E. SHAPIRO
       Florida Bar No: 120324
       lyle@hslawfl.com
       KRYSTINA T. ENDARA
       Florida Bar No.: 1004139
       krystina@hslawl.com

**AND**

GALLUP AUERBACH
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
t: 954-894-3035; f: 954-894-8015

By:    */s/ Jacob K . Auerbach*
       JACOB K. AUERBACH
       Florida Bar No: 084003
       jauerbach@gallup-law.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 30, 2020, this document was filed with the clerk of Court and was served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/   *Lyle E. Shapiro*
      LYLE E. SHAPIRO